REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

# COURT OF CRIMINAL APPEALS
## OF TEXAS

March 3, 2015

ABEL ACOSTA, CLERK

John Albert Estrada
VS
State of Texas

§

PD-1412-14
Trial Court No. F9326578-PJ
C.O.A. 05-14-01010-CR.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 02 2015

Abel Acosta, Clerk

## MOTION FOR REHEARING, FOR RELIEF and NOTICE

To THE JUSTICES OF THE COURT OF CRIMINAL APPEALS

New Comes JUAN ALBERTO ESTRADA. Petitioner in the above named and styled cause and files this MOTION FOR REHEARING, FOR RELIEF AND NOTICE, to this court and the state of Texas Governor...

### JURISDICTION

A, P.D.R. was timely mailed to this court on 12-10-14, Filed on 12-18-14. Inquire to the status of P.D.R. was mailed to this court on 02-09-14. 3 days later P.D.R. WAS refused by the Court on 02-11-15. On 02-17-15, the courts clerk mailed Notice of refusal to petitioner via Interstate Courier (T.O.C.J.ID). which was received by petitioner on 02-25-15. Leaving 2 days to file motion for rehearing. This motion timely mailed on 02-26-15, by placing in the Units Mail Box for 1st Class Delivery by U.S. Mail.

### STATEMENT OF CONCERN

Petitioner is Concerned that this P.D.R was refused with NO OPINION... As well As his Request for injunctive relief went unanswered. And wonders if his P.D.R was misplaced — since the P.D.R. was refused 3 days after inquire to the status of the P.D.R. was mailed to the court.... WAS IT JUST COINCIDENCE? DID THE COURT EVEN READ THE BRIEF? Because clearly, petitioner mailed evidence to the Court that showed the state never gained jurisdiction of the petitioner to enter a judgment of Conviction or prison Sentence. The court should Move on its own jurisdiction to uphold petitioners Federal Constitutional guarantees And to Correct the states Violation of the states Constitutional guarantees and Statutory laws the State Violated to gain petitioners unlawful incarceration and order immediate relief and release of the petitioner

### ARGUMENT

Here, the question is not only whether or not the appeals court had jurisdiction to rule on the petitioners motion at the trial court. Which denied petitioners motion to call the judgment of conviction in F9326578-PJ VOID. But also whether the judgment is VOID and if it is, relief should be granted. Petitioner contends the appeals court, as well as this court, has the duty to call the judgment in question VOID... When evidence is brought to their attention showing such judgment to be VOID. on its face... As petitioner done in his briefs to the States Court and this P.D.R.

In this case. the appeals court, by virtue of reviewing A "VOID" judgment brought to its attention. In the form of an Appeal from the trial courts judgment "denying a motion to call the judgment in cause F9326578-PJ VOID"... The appeal court has the jurisdiction to view and rule whether or not such judgment under the law is VOID! The Texas Appellate Courts have spoken on this issue concerning VOID judgments and stated such judgments proven VOID should be called VOID! See Fulton v Finch 162 Tex 351; 346 S.W 2d. 823-827 (1961); Dallas Co. v Sweitzer 971 SW 2d. 629-630 (Tex App DAL 1998) ; Mellon serv. co. v Touche Ross/Co. 946 S.W.2d. 862-864 (Tex app Houston 1997) See 971 SW2d 629 also...
Even the Federal Court has held that a VOID judgment can never aquire Validity through latches and vacated a judgment as VOID... 30 YEARS after entry - See Crosby V Bradstreet co. 312 F.2d 483 (2nd cir) Cert. denied 373 U.S. 911. 83 S.ct. 1300 (1963)

Therefore, it can be said... the appellate court had the duty to call such judgment brought before it... through an appeal of such motion from the trial court ... VOID. As the face of such evidence showing the judgment to be VOID. See Dubai Petro. co. V Kazi 12 S.W.3rd 71. 76 (Tex 2000) ... Especially where the trial court had the duty to set aside a Void judgment See Thomas v Miller 906 S.W.2nd. 260,262 (Tex app Texarkana 1995- No writ) quoting Bridgman v Moore 143 Tex 250, 183 S.W. 2d. 705, 707 (1944)

Further, petitioner questions why a question of law ruled on by the trial court which can or presents a substantial ground for difference of opinion... Such question should not have preclusive effect. See Matter of Gober 100 F.3rd. 1195 (5th cir 1996) In fact, petitioner believes state Statute, Tex. Civ. Prac 'Rem. Codes 51.014(d)(1)... Allows for an Appeal... Especially where such decision was reached without a hearing

Petitioner believes the Appellate Court and this Court ... Has the Jurisdiction to call the Judgment of Conviction in F9326578-PJ VOID as applied to petitioner and Should rule it So......

## THE EVIDENCE

It is clear by the evidence presented .. The state never gained jurisdiction of petitioner in this case (nor did the court) In fact, petitioner Submitted a Copy of his birth certificate with his P.D.R. That clearly Shows the State did not NAME petitioner in the indictment. The petitioners name is JUAN ALBERTO ESTRADA ... And the state named petitioners Son in the indictment John ALBERT ESTRADA Therefore, the state failed to NAME petitioner as the defendant in Cause F9326578-PJ ... See Cook v. State 902 S.W. 2nd 471 (Tex crim app. 1996)( Completely failed to name defendant in Case VACATED) A Violation of the Texas Constitution ART V 12 (b) (evidence of petitioners name available through the state Vital Statistics Bur. Such action by the State and State Court also violated petitioners 5th Amend. USCA right to grand Jury See Ford v. United States 47 S.ct. 531 (1927); Right to charge returned by grand Jury 361 U.S.At 217 80 s.ct At 273 AND Since petitioner claims his little known about right to sovereignty ... The state never gained Jurisdiction of petitioner Under the U.C.C. which the state is bound to ......

These fundamental errors render the Judgment in F9326578-PJ "VOID," and this Court Should rule so..... Further, What makes the Judgment of Conviction even moreso "VOID". Is the fact, that the State failed to follow Mandatory Statutory law. Where under ART 1.15 V.C.C.P. A defendant is guaranteed not to be Convicted on a pleading alone .. When made before a Court (or in a bench trial)......
The state is required to Submit to the court, a strong Showing of guilt See Dinnery v. State 592 S.W. 2d. 343. 351 (Tex crim app 1990) (state must offer Evidence to Support plea) See Also Menefee v. State 287 S.W. 3rd 9 (Tex crim 2009) (State must introduce real evidence of guilt) .. In this case the alleged defendant (petitioner) did not verbally Confess or agree in open Court to Committing any elements of any Crime NOR did he Sign a Confession to the Charge in F9326578-PJ. And the record Shows the Judicial Confession form and Constitutional Waiver form in F9326578-PJ. IS NOT SIGNED BY PETITIONER OR AGREED To BY Petitioner...........

The failure of the State and Court to follow Statutory Requirements under ART. 1.15 V.C.C.P. VOIDS the Judgment of Conviction in Cause F9326578-PI. See *Exparte Seidel* 39 S.W.3rd 221. 224. 225 N.4 (Tex crim app 2001) (State Courts failure to follow Statutory law Voids Judgment) Failure to follow such law also VOIDS the Conviction Under the Due Process Clause 14th Amend. U.S.C.A. See *Sandin V Conner* 115 S. ct. 2293 (1995) (State created laws fall under Federal protected liberty interest right) Here, Art 1.15 V.C.C.P. Guarantees a defendant not to be Convicted on a Plea alone before a bench trial. Clearly, without a verbal or written Conviction presented to the Court... No Evidence was introduced to the Court by the State of Texas or Evidence agreed to by the alleged defendant... The judgment of the Court in F9326578-PI is VOID...

## RELIEF REQUESTED AND NOTICE

FACTS... The state has already agreed to the fact that petitioner JUAN ALBERTO ESTRADA is Not named in the indictment of F9326578-PI, which has him currently incarcerated. And never gained legal jurisdiction to charge, Convict or assess a sentence to him ____

FACT. Juan ALBERTO ESTRADA nor the alleged defendant... Did never verbally agree to committing the Crime charged in the indictment in F9326578-PI NOR Signed any Confession Judicial Confession or Constitutional Waivers, in the alleged crime charged in F9326578-PI And No record of any alleged Signature exists, in the record in Cause F9326578-PI. (this Case before the Court)

FACT! The state has also agreed by default, in its failure to Answer petitioners 9 page letter to the Dallas County's District Attorneys Office, or to offer proof of Claim ..... That fraud to the Courts took place in order to gain petitioner illegal and Continued incarceration in T.D.C.I.-ID and after the discharge of the illegal conviction gained... Continued Sanctions in violation of Expost facto laws! Not existing at the time of the illegal incarceration

It is clear or it should be clear to the Texas Court of Criminal Appeals and the Governor of Texas, Greg Abbott. That the Judgment of Conviction in Cause F9326578-PI as related to the petitioner JUAN ALBERTO ESTRADA is VOID.. The Court and Governor Should immediately act... To INSURE Petitioners Constitutional guarantees are fully restored along with his freedom and his immediate release from the Conviction and incarceration.

Failure to respond and to rule that such Conviction is VOID.. Would be -

an Acknowledgement that the states highest Criminal Court, the state of Texas and Governor Greg Abbott...Knowingly refuses to follow...United States Constitutional Law and Commands. As well as State Constitutional laws and Commands as well as Statutory State laws...Leaving the state of Texas, the individual Justices of the States courts and Judges and State actors involved in the Continued incarceration of petitioner JUAN ALBERTO ESTRADA...To include the Governor of the state of Texas Greg. Abbott...Liable for damages in A "Tort claim", in the United States Supreme Court...Damages to petitioners Name & title...for loss of freedom, physical pain suffered as well as mental stress and pain caused by such illegal incarceration...in the amount agreed to by the agents of the state of Texas...in the office of the District Attorneys office...Witnessed by the letter Sent to the D.A.s office dated 3 February 2014 (A 9 and 2 page letter this court of criminal appeals has a copy of, Sent with petitioners P.D.R) Which gives the United States Supreme Court Permission to use the "defaulted" letter...which the D.A. Refused to answer...As Evidence to agreement to liability to damages in Tort, to the agreed amount, cited in the Case law presented... And to rule in petitioners favor as agreed upon in Said letter cited above.

Return Address
John Estrada 744108
Huntsville Unit
815.12th Street
Huntsville Texas 77348

Without prejudice pursuant U.C.C. 1-207

Juan Alberto Estrada
*Juan Alberto Estrada*
"Sovereign Citizen"

Statements above made pursuant Tex. Civ. Prac. ¢ Rem Codes §132.001-003 And title 28 USCA §1746 And Are True ¢ Correct. Executed on this the 26th day of Feb. 2015 Juan Alberto Estrada

Certificate of Service.

The above motion is placed in the Unit Mail Box for Delivery By Pre Paid 1st Class U.S. Mail to: Court of Criminal Appeals, Clerks office (Atten P.D.1413-14) P.O. Box 12308, Capitol Station Austin Texas 78711 And to Governor Greg Abbott, P.O. Box 12428, Capitol Station, Austin Tex. 78711
on this the 26th day of February 2015 Juan Alberto Estrada

Copy to file
Copy to The United States Supreme Court

John Estrada 744108
Huntsville Unit
815, 12th Street
Huntsville Texas 77348

NORTH HOUSTON TX 773

25 FEB 2015 PM 2 L

Legal Mail

Court of Criminal Appeals
Clerks office (Atten: PD/412-14)
P.O. Box 12308, Capitol Station
Austin, Texas 78711

7871230608